### EVERETT v. KORZYBSKI.

No. 6020.

United States Court of Appeals for the District of Columbia.

Argued Feb. 8, 1934.

Decided July 30, 1934.

Geo. P. Lemm, of Washington, D. C., for appellant.

Dion S. Birney and Paul E. Lesh, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

PER CURIAM.

An appeal from a judgment for the plaintiff below, upon an alleged contract for the painting of certain portraits by plaintiff for the defendant.

The case was tried in the lower court without a jury. After the testimony and arguments were heard and while the case was yet undecided, the justice who presided at the trial departed this life. The parties then stipulated that the case should be submitted on the pleadings and the record as then made to another justice of the trial court. This was done and judgment was entered by such justice for the plaintiff. The present appeal was then taken.

The plaintiff in her declaration alleged, among other things, that she is by profession a portrait painter engaged especially in the painting of miniatures on ivory; that in February 1926, the defendant employed plaintiff to paint a portrait of each of defendant's two children at a price of $1,000 each, and to paint a portrait of defendant herself at the price of $1,600; that in March 1926, defendant employed plaintiff to paint a portrait of defendant's husband at the price of $1,600; that plaintiff accepted such employment at the agreed price; that in pursuance thereof the defendant, her husband, and her two children at divers times posed for plaintiff so far as was necessary for the painting of the portraits, except only that defendant refused and still refuses to grant a final sitting in order to enable plaintiff to give any peculiar facial expression to the portraits which might be desired by defendant; that plaintiff proceeded without delay in the work of painting the portraits and used and exercised her utmost skill and artistic ability in the work, and completed each and all of the portraits in her best style and with her utmost artistic ability, except for such changes in facial expression as might be desired by the defendant, as to which plaintiff repeatedly offered and still tenders herself ready and willing to perform; that since the completion of the portraits in the latter part of May, 1926, plaintiff repeatedly tendered them to defendant, but defendant has refused and still refuses to view the portraits or accept and pay for them according to her agreement; that in March, 1926, defendant paid plaintiff $500 on account, but has refused to pay plaintiff any further sum thereon. Plaintiff also alleges that by agreement with the defendant plaintiff purchased two frames for the portraits at the cost, respectively, of $75 and $201, which defendant agreed to pay plaintiff, but now refuses to pay. Plaintiff accordingly claimed judgment against defendant for $5,200 less a credit of $500, with interest, on account of the portraits, and $276, with interest, on account of the frames and for costs.

The defendant for her plea admitted that in the early part of 1926 she employed plaintiff to paint portraits on ivory of each of her two children at the price of $1,000 each, "on the conditions that the painting of the said two miniatures would be done in an artistic manner, and when completed, would respectively represent good likenesses of each of her said two children, which said commission and engagement on the conditions aforesaid the plaintiff accepted and agreed to perform"; but defendant denied that she at any time employed plaintiff to paint a portrait of herself or of her husband. Defendant admitted that her children on a number of occasions posed for plaintiff, but denied that either she or her husband ever posed for her. She denied that she refused to grant final sittings of her children at any time between March and May, 1926, and said that in the latter month defendant and her children left Washington and have since been absent therefrom. Defendant denied that plaintiff without unnecessary delay completed the portraits of her children with skillful and artistic ability, and alleged that the portraits first made by plaintiff represented the children posed together instead of separately as was provided in the agreement, and that the portraits so submitted were lacking in artistic treatment and were unsatisfactory and not approved by defendant. Defendant denied that thereafter

the plaintiff applied for other sittings or otherwise communicated with defendant during the remainder of defendant's stay of about five weeks in the city of Washington, but admitted that after defendant left Washington the plaintiff by letter requested an appointment with defendant for the purpose as stated by plaintiff of finishing the portraits by final sittings, which request of the plaintiff it was not convenient for defendant to grant. Defendant denied that plaintiff ever at any time submitted to defendant separate portraits of her said children completed in accordance with their agreement. Defendant admitted that she paid plaintiff the sum of $500 and has not since paid plaintiff any further sum. Defendant denied that she authorized plaintiff to purchase frames for the portraits at her expense. Wherefore, she prayed judgment.

The present record contains all the testimony which was introduced below, and sets out six assignments of error, for which appellant claims a reversal.

In the first four assignments appellant complains that the court erred in finding: (1) That the plaintiff had met the burden of proof as to the existence of commissions to paint the portraits of the defendant and her husband; (2) that the court erred in finding in favor of plaintiff upon the testimony submitted; (3) that the court erred in finding and holding that the plaintiff had complied with the terms and conditions of any commission received by her from the defendant in the execution of the same; and (4) that the court erred in finding and holding that the proof submitted by plaintiff was sufficient to entitle her to recover upon any commissions held by her from the defendant.

Waiving the question whether the appellant is entitled upon the present record to urge these exceptions in this court, we have examined the record with careful attention, and find that the evidence introduced by the plaintiff at the trial is sufficient to sustain the finding of the lower court in her favor with respect to the portraits and the frames. The allegations of the plaintiff's declaration are supported by the testimony of the plaintiff herself who had personal knowledge of all the facts in question. The plaintiff's testimony, moreover, is supported by various exhibits filed with the court showing sketches and drawings such as would be made by an artist preparatory to the final completion of such portraits. The finished portraits of the defendant and her husband as well as the children are also among the exhibits and strongly tend to sustain the claim that the subjects purposely posed for the plaintiff when she painted the same. The record, moreover, contains copies of letters passing between the defendant and plaintiff in relation to the portraits and these tend to make the claim of the plaintiff more probable. The record also contains the testimony of an acknowledged expert in the art of miniature portrait painting. He testified that he had examined the portraits which are the subject of this suit and that in his opinion they represent finished portraits unless the artist made some special arrangement; that he had been chairman of about forty or fifty committees for the selection of miniatures, and if these miniatures had been put before his committee, they would, in his opinion, have been passed as suitable for exhibition; that they showed undoubted skill and artistic ability. He testified further that he did not consider that the plaintiff had unduly delayed delivery; that paintings are not mechanically produced and cannot be done in a moment; that an artist must be in the mood to work. He also testified that the sketches and studies shown by several of the exhibits show good technique. As against this evidence we have the testimony of the defendant in support of her plea, and also the testimony of her brother who had no personal knowledge of the facts in issue. Again noting that we waive the question whether the appellant is entitled upon the present record to urge these exceptions in this court, we say without hesitation that the evidence in the case is sufficient to sustain the court's findings.

In the fifth and sixth assignments of error appellant complains: (1) That the court erred in sustaining the objection of counsel for the plaintiff to the question asked the defendant while a witness in her own behalf by her counsel as to whether the paintings of defendant's two children were satisfactory likenesses of them to the defendant; and (2) that the court erred in refusing to permit defendant to give any testimony as to whether plaintiff had executed in a satisfactory manner the commissions held by her from the defendant.

The question to which these exceptions relate arose as follows: The defendant, being on the stand, was asked the following question: "I want to ask you Mrs. Everett, if these pictures of the children are satisfactory likenesses of them to you?" To which question counsel for the plaintiff objected upon the ground that there is no foundation in the pleadings whatsoever for the question. The

court sustained the objection and the defendant was granted an exception to this ruling. Whereupon counsel for the defendant announced that he offered to prove by this witness that the miniatures were not satisfactory likenesses of herself or husband. The court sustained the objection of counsel for the plaintiff to this question.

In our opinion these rulings of the court were correct. The conditions upon which the plaintiff undertook the painting of the portraits as set out in the plea of the defendant are as follows: "On the conditions that the painting of the said two miniatures would be done in an artistic manner, and, when completed, would respectively represent good likenesses of each of her said two children, which said commission and engagement on the conditions aforesaid the plaintiff accepted and agreed to perform." The defendant's plea contains no allegation that the contract contained a condition that the paintings of defendant's two children or of her husband or herself should be satisfactory likenesses of them to the defendant. Therefore upon the record we cannot sustain any of the appellant's assignments of error.

We think, moreover, that plaintiff's action was rightly brought for the recovery of the contract price for her services and not for damages for a breach of the contract, inasmuch as plaintiff had fully performed her part of the contract before it was denied by the defendant.

The judgment of the lower court is affirmed, with costs.